Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com

*Attorneys for Defendant*
*Schindler Elevator Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE STATE OF NEVADA

| | |
|---|---|
| SETH SCHORR, | Case No. |
| Plaintiff, | **PETITION FOR REMOVAL** |
| vs. | **JURY DEMANDED** |
| WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9th APARTMENTS; SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

### PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), Defendant Schindler Elevator Corporation ("Schindler") gives notice of removal of this action, *Seth Schorr v. Wolf Principal Holdings, LP, et al.*, Case No. A-22-856668-C from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff Seth Schorr's Summons, Complaint, and all process, pleadings, and orders filed in the state court action are attached as **Exhibit A**. As grounds for removal, Schindler states as follows:

**PRELIMINARY STATEMENT**

1. On August 9, 2022, Plaintiff Seth Schorr filed a Complaint against Schindler in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-22-856668-C. Plaintiff alleges that on January 22, 2021 he was injured at the Fremont9 Apartments, an apartment complex in Las Vegas, Nevada at which Plaintiff was a resident, when he "entered the elevator" and "the elevator suddenly and without warning dropped several floors." Compl. (Ex. A) at ¶¶ 6, 10-11. Plaintiff brings causes of action against Schindler for strict product liability, negligence, and breach of implied warranties of merchantability and of fitness for a particular purpose. Compl. (Ex. A) at ¶¶ 18-56.

2. On September 29, 2022, Schindler was served with the Summons and Complaint. *See* Service of Process Transmittal Summary, attached as **Exhibit B**. Thus, this Notice of Removal is timely filed because it was filed within thirty days of the receipt of the Summons and Complaint by Schindler and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b).

**VENUE AND JURISDICTION**

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 108, 1391, 1441(a), and 1446(a) because the Eighth Judicial District Court of Clark County, Nevada, where the Complaint was filed, is a state court within the United States District Court for the District of Nevada.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiff and all Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**BASIS FOR REMOVAL**

**I.     Complete Diversity of Citizenship Between Plaintiff and Defendants Exists.**

5. Complete diversity of citizenship exists because Plaintiff is a Nevada citizen, and all named Defendants are citizens of other states.

6. Specifically, Plaintiff alleges that he is "a resident of the County of Clark, State of Nevada." Compl. (Ex. A) at ¶ 1. Therefore, Plaintiff is, and at the time of the filing of this action was, a citizen of Nevada.

7. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

8. Schindler is not a citizen of Nevada. Schindler is, and at the time of the filing of this action was, a foreign corporation organized under the laws of Delaware with its principal place of business in New Jersey. Therefore, Schindler is, and at the time of the filing of this action was, a citizen of Delaware and New Jersey.

9. For purposes of diversity jurisdiction, "partnerships are citizens of each state or foreign country of which any partner is a citizen." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, FN 10 (9th Cir. 2019) (*citing Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–195, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)).

10. Wolff Principal Holdings, L.P. dba Fremont & 9th Apartments ("Wolff Holdings")[1] is not a citizen of Nevada. Wolff Holdings is a foreign limited partnership organized under the laws of Delaware with its principal place of business in Arizona. *See* Nevada Secretary of State Entity Search Results for Wolff Principal Holdings, L.P., attached as **Exhibit C**.[2] Wolff Principal Holdings, L.P.'s general partner is Wolff Principal Holding, LLC, which is also organized under the laws of Delaware with its principal place of business in Arizona. *Id.; see also* Delaware Secretary of State Entity Search Results for Wolff Principal Holdings, LLC, attached as **Exhibit D**. Therefore, Wolff Holdings is, and at the time of the filing of this action was, a citizen of Arizona and Delaware.

11. Furthermore, for purposes of removal under 28 U.S.C. § 1441, *et seq.*, the citizenship of defendants sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(a).

12. Because Plaintiff is a Nevada citizen, Schindler is a citizen of Delaware and New Jersey; and Wolff Holdings is a citizen of Delaware and Arizona, complete diversity exists between Plaintiff and all named Defendants. *See* 28 U.S.C. §§ 1332(a), 1441(b)(1).

---

[1] The spelling of this party in the Complaint differs from the Secretary of State listing and the party's website, so Schindler will use the spelling used by the entity for purposes of this Petition.

[2] *See also* The Wolff Company, https://www.awolff.com/contact/ (last visited Oct. 18, 2022).

**II.     The Amount in Controversy Exceeds $75,000.**

13. Plaintiff's claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

14. Nevada rules provide, if the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages "in excess of $15,000" without further specification of the amount. *See* NRCP 8; *see also* Compl. (Ex. A) at 11:8.

15. Where, as here, a Complaint does not set forth a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 406 (9th Cir. 1996) (applying the preponderance of the evidence standard). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87-89; *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (Where a complaint does not allege a specific amount of damages, "the district court may first consider 'whether it is facially apparent from the complaint that the jurisdictional amount has been satisfied'"). Here, the nature and gravity of Plaintiff's allegations make it facially apparent that the amount in controversy requirement has been satisfied.

16. Specifically, Plaintiff seeks several categories of damages based on "personal injuries" which he "continues to suffer from…along with intense physical and mental pain, shock and agony" including actual and compensatory damages, past and future medical expenses, past and future wage loss, past and future pain and suffering, punitive damages, and attorney's fees. *See* Compl. (Ex. A) at 8-9; Prayer for Relief.

17. Moreover, "[i]f a complaint does not specify an amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699, 701 (9th Cir. 2007). "The Court may look to the facts alleged in the removal petition or summary judgment-type evidence submitted

1  by the parties to determine whether the jurisdictional requirement was met at the time of
2  removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In
3  doing so, removing parties may use documents such as a demand letter to show the amount in
4  controversy is met. *See Smith v. Smith's Food & Drug Centers, Inc.*, 2:14-CV-00681-APG, 2014
5  WL 3734363, at *1 (D. Nev. July 29, 2014) ("A settlement letter is relevant evidence of the amount
6  in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Cayer v. Vons
7  Companies*, 2:16-CV-02387-GMN-NJK, 2017 WL 3115294, at *3 (D. Nev. July 21, 2017) (citing
8  *Cohn v. PetSmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002)); and *Dominguez v. Ralphs Grocery Co.*,
9  No. 2:13–CV–2233–GMN–PAL, 2014 WL 4162378, at *2 (D. Nev. Aug. 20, 2014).

10        18.    In *Smith v. Smith's Food & Drug Centers, Inc.*, this Court relied on a pre-litigation
11  demand letter in a slip and fall case, requesting $110,000, and determined that removal was proper
12  and the amount in controversy was met. *See* 2014 WL 3734363, at *2 (D. Nev. July 29, 2014).
13  The demand letter in *Smith* alleged that, while the plaintiff had not yet incurred more than $75,000
14  in medical bills, he had a scheduled shoulder surgery, future medical expenses, lost wages, and pain
15  and suffering, and the case was properly removed. *See id.*

16        19.    Here, like in *Smith*, Plaintiff sent Schindler's third-party claims administrator a pre-
17  litigation demand letter on January 21, 2022. *See* Demand Letter, attached as **Exhibit E**. This
18  demand letter outlines Plaintiff's medical treatment for his alleged injuries. Specifically, Plaintiff
19  alleges that he has incurred **"$190,244.51+"** in past medical expenses to date. *Id* at 12.
20  Additionally, Plaintiff alleges millions of dollars in future costs **($2,575,944** for "TBI Rehab &
21  Retesting," **$310,081** for "Transforaminal Lumbar Fusion," and **$298,355** for "Cervical Fusion").
22  *Id.* In total, Plaintiff alleges medical expenses in the amount of **$3,974,624.51+**," which by far
23  exceeds the jurisdictional threshold. *Id.*

24        20.    In addition, there are three additional past medical bills that are "pending,"
25  necessarily increasing the amount already allegedly incurred further over the $75,000 threshold.
26  Thus, Plaintiff's past medical expenses here—$190,244.51 *plus*—alone exceed the jurisdictional
27  threshold, with more bills alleged to be added to the calculation. Moreover, Plaintiff's demand
28  letter alleges that his quality life has completely changed since the incident. *See id.* at 12-13.

21. While Schindler does not concede that it is liable for any of the tortious conduct alleged that would warrant the imposition of any of the several categories of damages, including pain and suffering, loss of earning capacity, punitive damages, $190,244.51 in past medical damages, and more than $3 million in alleged future medical damages as outlined in Plaintiff's demand letter, the amount in controversy easily exceeds $75,000 and this removal is proper.

### III.  All Other Removal Requirements Are Satisfied.

22. The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(6).

23. Schindler was served with the Summons and Complaint on September 29, 2022 (Ex. B).

24. The only other named defendant, Wolff Holdings, was served on September 29, 2022. Counsel for Wolff Holdings informed counsel for Schindler that Wolff Holdings consents to removal.

25. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." This requirement is met here because the two defendants who have been properly joined and served—Schindler and Wolff Holdings—join and consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). The unidentified Doe and Roe defendants are not required to consent to removal. *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

26. Schindler is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

27. Pursuant to 28 U.S.C. § 1446(d), Schindler is filing a copy of this Notice of Removal with the Clerk of the District Court of Clark County, Nevada.

28. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Schindler at the time of filing this Notice—are attached hereto. (Ex. A).

Case 2:22-cv-01806-MMD-MDC   Document 1   Filed 10/28/22   Page 7 of 8

29. The written notice required by 28 U.S.C. § 1446(d), attached hereto as **Exhibit F**, will be promptly filed in the Eighth Judicial District Court of Clark County, Nevada, and will be promptly served on all parties.

30. By filing this Notice of Removal, Schindler does not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Schindler requests the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

31. No previous application has been made for the relief requested herein.

**IV.   Demand for Jury Trial.**

32. Schindler hereby demands a separate jury trial on all claims and issues so triable.

## CONCLUSION

WHEREFORE, Schindler gives notice that the matter bearing Case No. A-22-856668-C pending in the Eighth Judicial District Court of Clark County, Nevada, is removed to the United States District Court for the United States District Court for the District of Nevada, and requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED: October 28, 2022.

*/s/ Jay J. Schuttert*
Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com
*Attorneys for Defendant*
*Schindler Elevator Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **PETITION FOR REMOVAL** was served on counsel of record this 28th day of October, 2022 using the Court's CM/ECF System.

*/s/ Faith Radford*
An Employee of Evans Fears & Schuttert LLP