# Exhibit A

# All Eighth Judicial District Court of Clark County, Nevada Filings

Electronically Issued
8/9/2022 10:24 AM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | | |
|---|---|---|
| SETH SCHORR, | ) | CASE NO. A-22-856668-C |
| Plaintiff, | ) | DEPT. NO. |
| v. | ) | |
| WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS; SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, | ) | **SUMMONS** |
| Defendants. | ) | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**SCHINDLER ELEVATOR CORPORATION**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

RICHARD HARRIS LAW FIRM

| Issued at the direction of: | CLERK OF COURT |
|---|---|
| By /s/Christian Z. Smith | By: [signature] 8/10/2022 |
| CHRISTIAN Z. SMITH, ESQ. | Deputy Clerk Date |
| Nevada Bar No. 8266 | County Courthouse |
| RICHARD HARRIS LAW FIRM | Regional Justice Center |
| 801 S. Fourth Street | 200 Lewis Avenue |
| Las Vegas, Nevada 89101 | Las Vegas, Nevada 89155 |

Demond Palmer

Electronically Filed
8/9/2022 10:24 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CHRISTIAN Z. SMITH
Nevada Bar No. 8266
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
T: 702.444.4444
F: 702.444.4455
E: christian@richardharrislaw.com
*Attorney for Plaintiff*

CASE NO: A-22-856668-C
Department 14

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

SETH SCHORR,

Plaintiff,

v.

WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS; SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,

Defendants.

Case No.:
Dept. No:

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

RICHARD HARRIS LAW FIRM

COMES NOW Plaintiff SETH SCHORR (hereinafter "Plaintiff"), by and through his counsel of record CHRISTIAN Z. SMITH, ESQ. of the RICHARD HARRIS LAW FIRM, and for his claims of relief against the Defendants, and each of them, alleges and complains as follows:

**JURISDICTION**

1. At all times relevant hereto, Plaintiff was and is a resident of the County of Clark, State of Nevada.

2. At all times relevant hereto, Defendant WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS is a company licensed to do business in Clark County, Nevada and was the owner and manager of FREMONT & 9TH APARTMENTS located at 901 Fremont Street, Las Vegas, Nevada 89101.

/////

RICHARD HARRIS LAW FIRM

3. That Defendant SCHINLER ELEVATOR CORPORATION, is a corporation and an elevator company doing business in Clark County, Nevada located at 6265 S. Valley View Blvd. Suite H, Las Vegas, Nevada 89118.

4. That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Entities are presently unknown at this time to Plaintiff, who therefore sue said Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff alleges that the Doe and Roe Entities are the actual owners, employees, agents, operators, designers, manufacturers, distributors, sellers, marketers, maintenance, repair and replacement part entities and individuals responsible for the area and elevator and its component or replacement parts utilized by the Plaintiff and were acting within the course and scope of their employment and under the authority of their agency or employment and that each such Defendant(s) are liable statutorily or vicariously for the acts and omissions of those person(s) or entities whose caused or contributed to the Plaintiff's injuries. Doe and Roe Entities are unknown at this time and may be individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessors, or successor entities, joint venturers, parent corporations, or related businesses of Defendant(s)

5. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants and are jointly and severely liable for the acts and omissions of each other.

**GENERAL ALLEGATIONS**

6. That at all times relevant, Defendant, WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS, was in possession and/or control of the land located at 901 Fremont Street, Las Vegas, Nevada 89101 in Clark County, Nevada, commonly known FREMONT & 9TH APARTMENTS, and were responsible for ensuring the area of the property where the incident took place was safe and free of hazards.

RICHARD HARRIS LAW FIRM

7. That the elevator, and/or its component parts mentioned herein, were manufactured, fabricated, designed, distributed, and/or sold by Defendant SCHINDLER ELEVATOR CORPORATION.

8. That at all times mentioned herein, Defendant SCHINDLER ELEVATOR CORPORATION was responsible for the installation of the elevator and/or its component parts mentioned herein.

9. That at all times mentioned herein, Defendant WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS, Defendant, SCHINDLER ELEVATOR CORPORATION., and/or DOE DEFENDANTS were responsible for the repair, upkeep, care, maintenance, service, and/or supplies of the elevator and/or its component parts.

10. That on or about January 22, 2021, Plaintiff SETH SCHORR was a resident of the Property utilizing the elevator open to the public at large.

11. On or about said date, while on the Property, Plaintiff, SETH SCHORR entered the elevator when the elevator suddenly and without warning dropped several floors.

12. Upon information and belief, the dangerous condition was caused as a direct result of the Defendants' failure to design, construct, control, supervise, repair, and/or maintain the Property in a reasonable and safe manner.

13. Defendants maintained and were in control of the Property.

14. Defendants knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

15. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

16. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious.

17. Defendants have a non-delegable duty as common carriers as it relates to their duties to warn, inspect and maintain the escalator and/or its component parts at issue.

RICHARD HARRIS LAW FIRM

**FIRST CLAIM FOR RELIEF**
**(Negligence)**

18. Plaintiff incorporates paragraphs 1 through 17 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

19. Defendants owed Plaintiff a duty to exercise care in the manufacture, fabrication, design, marketing, sales, installation, repair, upkeep, care and maintenance of the escalator and/or its component parts which Plaintiff was riding at the time of the subject incident.

20. Defendants owed Plaintiff a duty of reasonable care to inspect and maintain the elevator being used by Plaintiff, and/or its component parts, prior to the sale, after the sale, after the installation, and during the course of its use and operation and maintenance to ensure that it was in a condition fit for use as a transporter of persons. Said duty was to a standard of that of a common carrier and was non-delegable.

21. Defendants owed Plaintiff a duty to warn and make safe of the non-obvious and dangerous condition and/or had a duty to inspect and maintain its premises, including the elevator and its component parts, in a reasonably safe condition.

22. Defendants breached this duty of care by failing to inspect, warn or otherwise maintain the elevator and its component parts in a reasonably safe condition and/or by failing to otherwise warn of the dangerous, non-obvious condition.

23. Defendants' negligence directly and proximately caused the subject incident and injuries sustained by Plaintiff.

24. That the abrupt malfunction of the elevator is the kind of accident which ordinarily does not occur in the absence of someone's negligence and the elevator and/or its component parts were within the exclusive control of Defendants.

25. Plaintiff sustained personal injuries and continues to suffer from those personal injuries along with intense physical and mental pain, shock and agony as a direct and proximate result of Defendants' negligence in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

...

26. Punitive and exemplary damages are warranted in this action as a punishment for reckless and wanton acts that consciously disregarded the safety of Plaintiff, to serve as a deterrent to the Defendants and others for committing the same or similar acts that endanger the general safety of patrons and the public in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

27. As a direct and proximate result of Defendants' negligence, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

**SECOND CLAIM FOR RELIEF**

**(Breach of Warranty of Merchantability as to All Defendants)**

28. Plaintiff incorporates paragraphs 1 through 27 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

29. Defendants, and each of them, at all times herein mentioned, acted in the capacity of merchants, sellers, manufacturers, fabricators, installers, and/or maintainers of elevators and/or elevator component parts and, thereby, impliedly warranted to the public that the elevators, component parts, installation services and/or maintenance services offered by them were of merchantable quality, safe and free from harmful and injurious defects.

30. Plaintiff, in reliance on said warranty, and on the skill, experience and expertise of the Defendants, and each of them, in the manufacture, fabrication, installation, marketing, sales, and maintenance of the elevator and/or elevator component parts, used the elevator as directed.

31. That at all times mentioned herein, the Plaintiff used the elevator manufactured, sold, installed, owned, operated, and maintained by the Defendants, and each of them, under the parameters and as directed and expected by the Defendants.

32. That the elevator and/or elevator component parts were not of merchantable quality, safe and free from harmful and injurious defects but were, on the contrary, unsafe and with harmful and injurious defects and were wholly unmerchantable. Plaintiff did not know, nor did she have reasonable means to know that the elevator and/or elevator component parts were not of merchantable quality and unsafe with harmful and injurious defects.

...

RICHARD HARRIS LAW FIRM

33. Plaintiff sustained personal injuries and continues to suffer from those personal injuries along with intense physical and mental pain, shock and agony as a direct and proximate result of Defendants' negligence in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

34. Punitive and exemplary damages are warranted in this action as a punishment for reckless and wanton acts that consciously disregarded the safety of Plaintiff, to serve as a deterrent to the Defendants and others for committing the same or similar acts that endanger the general safety of patrons and the public in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

35. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## THIRD CLAIM FOR RELIEF

**(Strict Products Liability—Dangerously Defective Product as to All Defendants)**

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

37. That the elevator Plaintiff was riding and/or its component parts were defective in their design, manufacture, distribution, marketing, sales and/or maintenance, as it was dangerous beyond the extent which would be contemplated by the ordinary and prudent person using the elevator and/or its component parts, and were, therefore, unreasonably dangerous to users such as Plaintiff.

38. The Defendants, and each of them, are engaged in the business of designing, manufacturing, fabricating, selling, installing, operating and maintaining elevators and/or their component parts.

39. That the elevator and/or its component parts were expected to and did reach users such as Plaintiff.

40. At the time of the injury to Plaintiff, the elevator and its component parts were in substantially the same condition in which they were sold.

41. Plaintiff sustained personal injuries and continues to suffer from those personal injuries along with intense physical and mental pain, shock and agony as a direct and proximate result

of Defendants' negligence in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

42. Punitive and exemplary damages are warranted in this action as a punishment for reckless and wanton acts that consciously disregarded the safety of Plaintiff, to serve as a deterrent to the Defendants and others for committing the same or similar acts that endanger the general safety of patrons and the public in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

43. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**(Breach of Implied Warranty of Fitness for a Particular Purpose as to All Defendants)**

44. Plaintiff incorporates paragraphs 1 through 43 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

45. Defendants, and each of them, warranted that the elevator and elevator component parts Plaintiff was riding were fit for the purpose and use for which they were intended and would not malfunction.

46. Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether the elevator and its component parts were safe and fit for its intended use.

47. That the elevator and/or elevator component parts on which Plaintiff was riding were not fit for the purposes for which they were intended, i.e. transporting individuals in a safe and reliable manner.

48. Plaintiff sustained personal injuries and continues to suffer from those personal injuries along with intense physical and mental pain, shock and agony as a direct and proximate result of Defendants' negligence in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

49. Punitive and exemplary damages are warranted in this action as a punishment for reckless and wanton acts that consciously disregarded the safety of Plaintiff, to serve as a deterrent to the Defendants and others for committing the same or similar acts that endanger the general safety of patrons and the public in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

RICHARD HARRIS LAW FIRM

50. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

**FIFTH CLAIM FOR RELIEF**

**(Breach of Duty to Warn of Dangerous Defects as to All Defendants)**

51. Plaintiff incorporates paragraphs 1 through 50 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

52. Defendants, and each of them, had a duty to warn Plaintiff of the dangerous, unsafe, and injurious condition of the elevator ridden by Plaintiff which was known, or should have been known, to Defendants and each of them.

53. Defendants, and each of them, failed to provide adequate warning of the dangerous and unsafe condition of which they were aware or should have been aware.

54. Plaintiff sustained personal injuries and continues to suffer from those personal injuries along with intense physical and mental pain, shock and agony as a direct and proximate result of Defendants' negligence in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

55. Punitive and exemplary damages are warranted in this action as a punishment for reckless and wanton acts that consciously disregarded the safety of Plaintiff, to serve as a deterrent to the Defendants and others for committing the same or similar acts that endanger the general safety of patrons and the public in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

56. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. Special damages to be determined at the time of trial;



RICHARD HARRIS LAW FIRM

3. Past and future medical expenses;

4. Past and future wage losses;

5. Past and future pain and suffering

6. Punitive damages according to proof at the time of trial;

7. Reasonable attorneys' fees and costs of suit;

8. Interest at the statutory rate; and

9. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 9th day of August, 2022.

**RICHARD HARRIS LAW FIRM**

/s/ Christian Z. Smith

CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
801 South Fourth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

RICHARD HARRIS LAW FIRM

Electronically Filed
8/9/2022 10:24 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: christian@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-22-856668-C
Department 14

RICHARD HARRIS LAW FIRM

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SETH SCHORR,<br><br>Plaintiff,<br><br>v.<br><br>WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS; SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| | |
|---|---|
| SETH SCHORR | $270.00 |
| **TOTAL REMITTED:** | **$270.00** |

DATED this _9th__ day of August, 2022.

**RICHARD HARRIS LAW FIRM**

/s/Christian Z. Smith________
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
801 S. Fourth St.
Las Vegas, NV 89101
*Attorney for Plaintiff*