Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com

*Attorneys for Defendant*
*Schindler Elevator Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE STATE OF NEVADA

| | |
|---|---|
| SETH SCHORR,<br><br>Plaintiff,<br><br>vs.<br><br>WOLF PRINCIPAL HOLDINGS, LP d/b/a FREMONT & 9TH APARTMENTS; SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.  2:22-cv-01806-MMD-VCF<br><br>**DEFENDANT SCHINDLER ELEVATOR CORPORATION'S ANSWER TO COMPLAINT**<br><br>**JURY DEMANDED** |

Defendant Schindler Elevator Corporation ("Schindler"), by its attorneys, Evans Fears & Schuttert LLP, answers Plaintiff Seth Schorr's Complaint ("Complaint") as follows:

Schindler denies each and every allegation in the Complaint, except those allegations that are specifically admitted, qualified, or otherwise answered.

**JURISDICTION**

1.  In response to paragraph 1 of the Complaint, Schindler is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2.   In response to paragraph 2 of the Complaint, the allegations are not directed at Schindler and therefore no response is required.

3.   In response to paragraph 3 of the Complaint, Schindler admits that it is a foreign corporation authorized to do business in Nevada.

4.   In response to paragraphs 4 and 5 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations.

## GENERAL ALLEGATIONS

5.   In response to paragraph 6 of the Complaint, the allegations are not directed at Schindler and therefore no response is required.

6.   In response to paragraph 7 of the Complaint, based on information and belief, Schindler admits that it manufactured the subject elevator.

7.   In response to paragraph 8 of the Complaint, based on information and belief, Schindler admits that it installed the subject elevator.

8.   In response to paragraph 9 of the Complaint, Schindler admits that it maintained certain elevators at Fremont9 apartments at the time of the alleged incident.

9.   In response to paragraph 10 of the Complaint, Schindler is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

10.   In response to paragraphs 11 and 12 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

11.   In response to paragraph 13 of the Complaint, Schindler admits that it maintained certain elevators at Fremont9 apartments at the time of the alleged incident.

12.   In response to paragraphs 14, 15, and 16 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

13.   In response to paragraph 17 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations.

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

14. In response to paragraph 18 of the Complaint, Schindler incorporates its answers to all prior paragraphs as though fully set forth.

15. In response to paragraphs 19, 20, 21 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations. Schindler specifically denies there was a "dangerous condition."

16. In response to paragraphs 22, 23, 24, 25, 26 and 27 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

**SECOND CLAIM FOR RELIEF**

**(Breach of Warranty of Merchantability as to All Defendants)**

17. In response to paragraph 28 of the Complaint, Schindler incorporates its answers to all prior paragraphs as though fully set forth.

18. In response to paragraph 29 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations.

19. In response to paragraphs 30 and 31 of the Complaint, Schindler is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

20. In response to paragraphs 32, 33, 34 and 35 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

**THIRD CLAIM FOR RELIEF**

**(Strict Products Liability – Dangerously Defective Product as to All Defendants)**

21. In response to paragraph 36 of the Complaint, Schindler incorporates its answers to all prior paragraphs as though fully set forth.

22. In response to paragraph 37 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

23. In response to paragraph 38 of the Complaint, as it relates to the subject elevator, Schindler admits that it maintained certain elevators at Fremont9 apartments at the time of the

alleged incident and upon information and belief, admits that it manufactured and installed the subject elevator,

24. In response to paragraph 39 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations.

25. In response to paragraph 40 of the Complaint, Schindler is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

26. In response to paragraphs 41, 42, and 43 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

## FOURTH CLAIM FOR RELIEF

### (Breach of Implied Warranty of Fitness for a Particular Purpose as to All Defendants)

27. In response to paragraph 44 of the Complaint, Schindler incorporates its answers to all prior paragraphs as though fully set forth.

28. In response to paragraph 45 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations.

29. In response to paragraph 46 of the Complaint, Schindler is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30. In response to paragraphs 47, 48, 49, and 50 of the Complaint, Schindler denies the allegations to the extent they are directed toward Schindler.

## FIFTH CLAIM FOR RELIEF

### (Breach of Duty to Warn of Dangerous Defects as to All Defendants)

31. In response to paragraph 51 of the Complaint, Schindler incorporates its answers to all prior paragraphs as though fully set forth.

32. In response to paragraphs 52, 53, 54, 55, and 56 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, Schindler denies the allegations. Schindler specifically denies that there was a "dangerous, unsafe, and injurious condition" in the subject elevator.

/ / /

/ / /

**ADDITIONAL DEFENSES**

Schindler has not yet had the opportunity to complete discovery or its investigation of this matter; therefore, Schindler relies upon the following additional defenses as may prove applicable after discovery or at trial. Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Schindler alleges as follows:

**FIRST ADDITIONAL DEFENSE**

Plaintiff's Complaint fails to state a claim against Schindler upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's damages, if any, were caused in whole or in parts by acts, omissions, and/or negligence of a third party or parties for whose acts Schindler is not liable or responsible and over whom Schindler had not control.

**THIRD ADDITIONAL DEFENSE**

If Plaintiff sustained losses as alleged in the Complaint, such losses were the result of one or more intervening, superseding causes, and therefore any alleged action or conduct on the part of Schindler was not the proximate and/or actual cause of Plaintiff's alleged injuries.

**FOURTH ADDITIONAL DEFENSE**

Any liability that might be imposed on Schindler is subject to reduction or apportionment by application of comparative negligence principles.

**FIFTH ADDITIONAL DEFENSE**

If Plaintiff sustained any of the injuries, losses and/or damages as alleged in the Complaint, then such injuries, losses and/or damages were directly and proximately caused, in whole or in part, by Plaintiff's failure to exercise due care and/or diligence.

**SIXTH ADDITIONAL DEFENSE**

To the extent Plaintiff has settled or in the future settles with any person or entity concerning the damages alleged in the Complaint, Schindler's liability, if any, should be reduced accordingly.

/ / /

/ / /

## SEVENTH ADDITIONAL DEFENSE

Any liability that might otherwise be imposed on Schindler is subject to reduction to the extent that Plaintiff failed to mitigate his damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred or reduced, in whole or in part, to the extent that at all times relevant to Plaintiff's allegations, Schindler was in compliance with all statutes, codes, regulations and other laws in effect at the time of the conduct allegedly giving rise to the Plaintiff's claims.

## NINTH ADDITIONAL DEFENSE

Schindler denies that it owed Plaintiff a duty, but if it is established that Schindler owed a duty, at all times Schindler observed all legal duties and obligations by operation of law and otherwise, and all actions were careful, prudent, proper, and lawful.

## TENTH ADDITIONAL DEFENSE

Plaintiff did not exercise ordinary care, caution, or prudence in his movements in and about the premises to avoid said incident, and the resulting injuries, if any, were directly and proximately contributed to and caused by the fault, carelessness, and negligence of Plaintiff.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part to the extent he suffered from a pre-existing and/or unrelated condition that was the actual and proximate cause of his injuries.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are subject to the limitations set forth in unavoidably dangerous product defense stated in Restatement (Second) of Torts § 402A, comment k.

## THIRTEENTH ADDITIONAL DEFENSE

Liability is precluded because the elevator at issue was not unreasonably dangerous and performed in the manner reasonably expected of it.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred and/or reduced because he knew the consequences associated with the use of the product before using it and thereby assumed the risk of the occurrence of any alleged adverse risks and/or consequences.

**FIFTEENTH ADDITIONAL DEFENSE**

Plaintiff's claims are subject to the limitations set forth in the Restatement (Third) of Torts: Products Liability.

**SIXTEENTH ADDITIONAL DEFENSE**

Any problems encountered by Plaintiff with respect to the subject elevator were due to subsequent unforeseeable alterations, modifications, changes, neglect, misuse, or abnormal use of the subject elevator.

**SEVENTEENTH ADDITIONAL DEFENSE**

Plaintiff had knowledge of and was fully aware of the condition existing at the time of the incident and assumed any risks incident thereto by voluntarily encountering said conditions. The injuries alleged by Plaintiff were caused by and arose out of such risks. Plaintiff appreciated and knew of the possibility of injury at the time.

**EIGHTEENTH ADDITIONAL DEFENSE**

At all times alleged in the Complaint, the product Plaintiff alleges caused Plaintiff's injuries were designed, manufactured, sold, distributed, labeled, and advertised in compliance with the then-existing state of the art in the industry to which Schindler belonged and, further, that the benefits of any such product design outweighed any risk of danger in the design and that any such product met the safety expectations of Plaintiff and the general public.

**NINTEENTH ADDITIONAL DEFENSE**

At all times referenced in this Complaint, the subject elevator was fit and proper for the use for which it was designed and intended.

**TWENTIETH ADDITIONAL DEFENSE**

In the event parties were not reasonably and adequately warned of potential dangers concerning misuse of the products at issue, the duty to provide the warnings was that of some other person and/or entity, for which Schindler is neither responsible nor liable.

/ / /

/ / /

/ / /

**TWENTY-FIRST ADDITIONAL DEFENSE**

Plaintiff's claims are barred or reduced, in whole or in part, to the extent that at all times relevant to Plaintiff's allegations, Schindler was in compliance with all statutes, codes, regulations and other laws in effect at the time of the conduct allegedly giving rise to the Plaintiff's claims.

**TWENTY-SECOND ADDITIONAL DEFENSE**

Schindler did not have exclusive control of the elevator at issue.

**TWENTY-THIRD ADDITIONAL DEFENSE**

There is no privity of contract between Plaintiff and Schindler.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations and/or Nevada's Construction Defect Statute of Repose.

**TWENTY-FIFTH ADDITIONAL DEFENSE**

There was no warranty between Plaintiff and Schindler; but, if there was a warranty, Schindler did not breach any warranty if one was owed to Plaintiff.

**TWENTY-SIXTH ADDITIONAL DEFENSE**

Unless Schindler's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Schindler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

A claim for punitive damages cannot be maintained unless the trial is bifurcated. Any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Schindler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

A claim for punitive damages cannot be maintained, because an award of punitive damages under applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of

what conduct is subject to punishment, the absence of adequate notice of what punishment may be imposed, and the absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, all in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

### TWENTY-NINTH ADDITIONAL DEFENSE

A claim for punitive damages cannot be maintained, because any award of punitive damages under applicable law would be by a jury that (1) is not provided standards of sufficient clarity for determining its appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Schindler, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Schindler's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

### THIRTIETH ADDITIONAL DEFENSE

Schindler specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as set forth in the decisions of *BMW v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and the caps and limits on such damages established by Nevada law.

### RESERVATION OF RIGHT

This action has been recently commenced against Schindler and Schindler has not had an opportunity to conduct any discovery. Schindler reserves the right to amend this answer and/or

plead additional defenses after Schindler has inspected the subject elevator and/or as discovery and investigation reveal are necessary and applicable.

## JURY DEMAND

Schindler respectfully demands a jury trial.

WHEREFORE, Schindler requests the Court enter judgment:

1. Dismissing Plaintiff's Complaint in its entirety;
2. Denying the relief requested by Plaintiff;
3. Awarding Schindler its costs and attorneys' fees; and
4. For other appropriate relief.

DATED: November 4, 2022.

/s/ Jay J. Schuttert
Jay J. Schuttert, Esq. (SBN 8656)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
*Attorneys for Defendant*
*Schindler Elevator Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT SCHINDLER ELEVATOR CORPORATION'S ANSWER TO COMPLAINT** was served on counsel of record this 4th day of November, 2022 using the Court's CM/ECF System.

*/s/ Faith Radford*
An Employee of Evans Fears & Schuttert LLP