DAVID S. LEE, ESQ.
Nevada Bar No.: 6033
LEE, LANDRUM & INGLE
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
Phone: (702) 880-9750
Fax: (702) 314-1210
dlee@lee-lawfirm.com

Attorneys for WOLFF PRINCIPAL HOLDINGS, LP
dba FREMONT & 9TH APARTMENTS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SETH SCHORR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9th APARTMENTS; SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:22-CV-01806-MMF-VCF<br><br>**DEFENDANT, WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9th APARTMENTS' ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM**<br><br>**JURY DEMAND** |
| WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9th APARTMENTS,<br><br>　　　　Cross-Claimant,<br><br>v.<br><br>SCHINDLER ELEVATOR CORPORATION; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>　　　　Cross-Defendants. | |

COMES NOW Defendant, WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9TH APARTMENTS (hereinafter "Wolff"), by and through its attorneys, LEE, LANDRUM & INGLE hereby files its Answer to Plaintiff's Complaint as follows:

/ / /

## JURISDICTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

2. Answering Paragraph 2 of Plaintiff's Complaint, Wolff admits the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Wolff admits the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same as they relate to Wolff.

5. Answering Paragraph 5 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same as they relate to Wolff.

## GENERAL ALLEGATIONS

6. Answering Paragraph 6 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff admits the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

8. Answering Paragraph 8 of Plaintiff's Complaint, Wolff admits the allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff admits the allegations contained therein.

LEE, LANDRUM & INGLE
7575 VEGAS DRIVE, SUITE 150
LAS VEGAS, NV 89128
(702) 880-9750

10. Answering Paragraph 10 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

11. Answering Paragraph 11 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

12. Answering Paragraph 12 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff admits it owned the property in question.

14. Answering Paragraph 14 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff denies the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff denies the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff denies the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required.

**FIRST CLAIM FOR RELIEF**
(Negligence)

18. Answering Paragraph 18 of Plaintiff's Complaint, Wolff hereby repeats and realleges its answers to Paragraphs 1 through 17, and hereby incorporates the same by reference as though fully set forth herein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff admits it exercised due care at all times.

20. Answering Paragraph 20 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff admits it exercised due care at all times.

21. Answering Paragraph 21 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff denies the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

**SECOND CLAIM FOR RELIEF**
(Breach of Warranty of Merchantability as to All Defendants)

28. Answering Paragraph 28 of Plaintiff's Complaint, Wolff hereby repeats and realleges its answers to Paragraphs 1 through 27, and hereby incorporates the same by reference as though fully set forth herein.

29. Answering Paragraph 29 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff denies the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

31. Answering Paragraph 31 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

32. Answering Paragraph 32 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

**THIRD CLAIM FOR RELIEF**
**(Strict Products Liability – Dangerously Defective Product as to All Defendants)**

36. Answering Paragraph 36 of Plaintiff's Complaint, Wolff hereby repeats and realleges its answers to Paragraphs 1 through 35, and hereby incorporates the same by reference as though fully set forth herein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required. To the extent said Paragraph contains factual allegations, Wolff denies the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

40. Answering Paragraph 40 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

41. Answering Paragraph 41 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty of Fitness for a Particular Purpose as to All Defendants)

44. Answering Paragraph 44 of Plaintiff's Complaint, Wolff hereby repeats and realleges its answers to Paragraphs 1 through 43 and hereby incorporates the same by reference as though fully set forth herein.

45. Answering Paragraph 45 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Wolff is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

47. Answering Paragraph 47 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

48. Answering Paragraph 48 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

49. Answering Paragraph 49 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

50. Answering Paragraph 50 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

### FIFTH CLAIM FOR RELIEF
### (Breach of Duty to Warn of Dangerous Defects as to All Defendants)

51. Answering Paragraph 51 of Plaintiff's Complaint, Wolff hereby repeats and realleges its answers to Paragraphs 1 through 50 and hereby incorporates the same by reference as though fully set forth herein.

52. Answering Paragraph 52 of Plaintiff's Complaint, Wolff contends that said Paragraph seeks legal conclusions to which no answer is required.

53. Answering Paragraph 53 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

54. Answering Paragraph 54 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

55. Answering Paragraph 55 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, Wolff denies the allegations contained therein.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every cause of action stated therein fails to state facts sufficient to constitute any cause of action against Wolff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were and are, wholly or partially, contributed to or proximately caused by Plaintiff's recklessness and negligence, thus barring or diminishing Plaintiff's recovery herein according to principles of comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

Wolff is not responsible for the acts and/or omission of any third-party who performed services, whether directly or indirectly.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of the Plaintiff, thereby completely or partially barring Plaintiff's recovery, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Wolff alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiff; however, if Wolff is subjected to any liability to Plaintiff or any other party herein, it will be due, in whole or in part, to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and negligence of others. As such, any recovery obtained by Plaintiff or any party herein against Wolff should be reduced in proportion to the respective negligence and fault of all other parties, persons, and entities.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each and every cause of action contained therein is barred by the applicable Statutes of Repose.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed, refused, and neglected to take reasonable steps to mitigate the alleged damages, thus barring or diminishing Plaintiff's recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each and every cause of action contained therein is barred by the applicable Statutes of Limitation.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff unreasonably delayed the filing and subsequent service of the Complaint and the notification of Wolff of the alleged defects in the subject property and the bases for those allegations, each of which has unduly and severely prejudiced Wolff in its defense of the action, thereby barring or diminishing Plaintiff's recovery, if any, under the Doctrine of Estoppel.

**TENTHTH AFFIRMATIVE DEFENSE**

Plaintiff unreasonably delayed the filing and subsequent service of the Complaint and the

notification of Wolff of the alleged defects in the subject property and the bases for those allegations, each of which has unduly and severely prejudiced Wolff in its defense of the action, thereby barring or diminishing Plaintiff's recovery, if any, under the Doctrine of Laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed the filing and subsequent service of the Complaint and the notification of Wolff of the alleged defects in the subject property and the bases for those allegations, each of which has unduly and severely prejudiced Wolff in its defense of the action, thereby barring or diminishing Plaintiff's recovery, if any, under the Doctrine of Waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties to this lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged damages of which Plaintiff complains where proximately caused by, or contributed to, by the acts of other Defendants, parties, and/or entities, and those acts were an intervening and superseding cause of the damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Wolff asserts that Plaintiff, or other persons or entities other than Wolff, without the knowledge or consent of Wolff, altered the subject property, and to the extent that Plaintiff has incurred or suffered any damages, such damages, if any, were solely and proximately caused by such alteration.

### FIFTEENTH AFFIRMATIVE DEFENSE

It has been necessary for Wolff to retain the services of an attorney to defend this action and it is entitled to reasonable attorneys' fees.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of Unclean Hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any injuries or claims of damages suffered by Plaintiff, if any, were directly and proximately caused by forces of nature over which Wolff had no control.

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages and injuries, if any, were the result of an unavoidable accident.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees as alleged in the Complaint, have been improperly plead and are not recoverable herein. Wolff specifically reserves the right to have Plaintiff's improperly plead claim for attorney's fees dismissed prior to trial.

### TWENTIETH AFFIRMATIVE DEFENSE

Pursuant to Rule 11, as amended, all possible affirmative defense may not have been alleged herein insofar as sufficient facts were not available to Wolff after reasonable inquiry upon the filing of Wolff's Answer to Plaintiff's Complaint, and there Wolff reserve the right to amend its Answer to allege additional affirmative defenses, if necessary.

### JURY DEMAND

WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9TH APARTMENTS hereby respectfully demands a jury trial on all triable issues in the above-entitled action.

**WHEREFORE**, WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9TH APARTMENTS prays for judgment on all claims as follows:

1. That Plaintiff take nothing by virtue of his Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice in its entirety;
3. For attorneys' fees and costs; and
4. For such other and further relief as the Court deems just, equitable and proper.

**DATED** this _14_ day of November 2022.

LEE, LANDRUM & INGLE

By: _____
DAVID S. LEE, ESQ.
Nevada Bar No. 6033
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

Attorneys for
WOLFF PRINCIPAL HOLDINGS, LP dba
FREMONT & 9TH APARTMENTS

## CROSSCLAIM

COMES NOW Defendant and Cross-Claimant, WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9TH APARTMENTS (hereinafter "Wolff"), by and through its attorneys, LEE, LANDRUM & INGLE, and for its Crossclaim against SCHINDLER ELEVATOR CORPORATION (hereinafter "Schindler"), hereby alleges and complains as follows:

## PARTIES

1. WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9TH APARTMENTS (hereinafter "Wolff") is and was, at all times relevant herein, a company licensed to do business in Clark County, Nevada.

2. SCHINDLER ELEVATOR CORPORATION (hereinafter "Schindler" or Cross-Defendant") is and was, at all times relevant herein, licensed to do business under the laws of the State of Nevada, and doing business therein.

3. Wolff does not know the true names and capacities, whether individual, corporate, associate or otherwise of Cross-Defendants named herein as DOES I through X and ROE ENTITIES I through X, and therefore sues these Cross-Defendants by such fictitious names pursuant to Nevada Rule of Civil Procedure 10(a) and *Neurenberger Hercules-Werke GMBH v. Virostek,* 107 Nev. 873 (1991).

4. Wolff is informed and believes, and thereon alleges, that each of the said fictitiously named Cross-Defendants are responsible in some manner for damages alleged in Plaintiff's Complaint, if any, as the same was proximately caused by their conduct. Wolff will seek leave to amend this Crossclaim when the true names and capacities of such Cross-Defendants are ascertained through the course of discovery.

5. Wolff further alleges that it is entitled to recover from Cross-Defendants all attorneys' fees, costs and expenses of litigation incurred by Wolff in the defense of the claims asserted in Plaintiff's Complaint and are also entitled to indemnification, contribution and apportionment from Cross-Defendants for any judgment rendered against Wolff as a result of this action.

///

## GENERAL ALLEGATIONS

6. On or about July 18, 2019 (and possibly at other times according to proof), Wolff entered into a contract with Schindler Elevator Corporation ("Schindler"), wherein Schindler agreed to perform certain work on the elevator that forms the basis of Plaintiff's Complaint at the Fremont and 9th Apartments in Las Vegas, Nevada.

7. In relevant part, the Wolff-Schindler Agreement states:

> . . . Notwithstanding any other provisions to the contrary, we agree to indemnity you only for losses due to personal injury, or property damage to the extent caused by our negligent acts or omissions, or the negligent acts or omissions of our employees, agents and subcontractors during the performance of this contract, but not to the extent caused by others. Each party shall defend itself in the event of a lawsuit.

8. Wolff tendered its defense to Cross-Defendant pursuant to the Agreement.

9. Plaintiff's Complaint alleges that Plaintiff suffered damages as a result of an elevator accident at the Freemont & 9th Apartments on January 22, 2021.

10. Plaintiff's Complaint alleges, *inter alia*, that Wolff and/or Schindler negligently designed, erected and/or maintained said elevator in a manner that created a hazardous condition.

### FIRST CLAIM FOR RELIEF
*Breach of Contract as to Schindler*

11. Wolff repeats and re-alleges the allegations set forth in Paragraphs 1 through 10, inclusive, and hereby incorporates the same as if fully set forth herein.

12. The Wolff-Schindler Agreement is a binding and enforceable agreement between Wolff and Schindler, wherein Schindler agreed to assume certain duties and obligations.

13. Wolff performed all acts, services, covenants and/or conditions required by the Agreement, save those that were waived, prevented and/or excused.

14. Pursuant to, and in furtherance of, the Agreement, Schindler agreed to undertake certain obligations to Wolff in exchange for valid consideration.

15. Schindler breached the Agreement by, *inter alia*, failing to fully perform its obligations under the Agreement including, but not limited to, failing to properly maintain the

subject elevator and failing to defend and/or indemnify defend Wolff against Plaintiff's allegations.

16. As a direct and proximate result of Schindler's acts and omissions, Wolff has incurred damages in excess of $15,000.

## SECOND CAUSE OF ACTION
### *Express Indemnity as to Schindler*

17. Wolff repeats and re-alleges the allegations set forth in Paragraphs 1 through 16, inclusive, and hereby incorporates the same as if fully set forth herein.

18. Pursuant to certain oral and/or written agreements, Schindler was required to defend, indemnify and hold harmless Wolff, from and against all actions, demands, claims, damages, attorney's fees and costs, *inter alia*, which arose from or were in any way related to Schindler's work on the project pursuant to the Agreement.

19. Wolff denies the allegations contained allegations in Plaintiff's Complaint, however if Plaintiff recovers against Wolff herein, Wolff is entitled to express indemnity from Schindler for the damages allegedly sustained by Plaintiff, if any, by way of sums paid by settlement or any alternative judgment rendered against Wolff based upon Plaintiff's Complaint, and attorneys' fees incurred.

20. Wolff has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney's fees incurred herein as special damages.

## THIRD CAUSE OF ACTION
### *Implied/Equitable Indemnity as to all Defendants*

21. Wolff repeats and re-alleges the allegations set forth in Paragraphs 1 through 20, inclusive, and hereby incorporates the same as if fully set forth herein.

22. Wolff denies the allegations contained allegations in Plaintiff's Complaint, however if Plaintiff recovers against Wolff herein, in equity and good conscience Wolff is entitled to implied indemnity, apportionment of the liability and/or contribution from Defendants, according to their respective portion of fault for the damages allegedly sustained by Plaintiff, if any, by way of sums paid by settlement or any alternative judgment rendered against Wolff based upon Plaintiff's Complaint.

23. Wolff has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney's fees incurred herein as special damages.

### FOURTH CAUSE OF ACTION
*Contribution as to all Defendants*

24. Wolff repeats and re-alleges the allegations set forth in Paragraphs 1 through 23, inclusive, and hereby incorporates the same as if fully set forth herein.

25. Wolff denies the allegations contained allegations in Plaintiff's Complaint, however if Plaintiff recovers against Wolff herein, in equity and good conscience, Wolff is entitled to contribution and/or apportionment of any damages in an amount proportionate to the amount of negligence or fault attributable to Defendants for any and all liability Wolff may incur, may have paid, or may be required to pay to Plaintiff or any other party by virtue of Plaintiff's Complaint.

26. Wolff has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney's fees incurred herein as special damages.

### FIFTH CAUSE OF ACTION
*Declaratory Relief as to all Defendants*

27. Wolff repeats and re-alleges the allegations set forth in Paragraphs 1 through 26, inclusive, and hereby incorporates the same as if fully set forth herein.

28. A dispute has arisen and actual controversy now exists between Wolff and Defendants in that Wolff contends it is entitled to defense, indemnity, contribution, apportionment and damages on several legal theories from Schindler. Wolff is informed and believes that Schindler contends to the contrary. Therefore, an actual controversy exists relative to the legal duties and rights of the respective parties pursuant to equitable principles, which controversy Wolff requests the Court resolve.

29. All the rights and obligations of the parties hereto arose out of what is actually one transaction or one series of transaction, happenings or events, all of which can be settled and determined in a judgment in this one action. Wolff alleges that an actual controversy exists between the parties under the circumstances alleged. A declaration of rights, responsibilities and obligations between Wolff and Schindler is essential to determine their respective obligations in

connection with the principle action any cross, counter and third-party claims. Wolff has no true and speedy remedy at law of any kind.

30. Wolff has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney's fees incurred herein as special damages.

**WHEREFORE**, Wolff prays for judgment on all claims as follows:

1. For express, implied and/or equitable indemnity for all damages that Plaintiff may recover against Wolff by way of judgment, order, settlement, compromise or trial;

2. For contribution and/or apportionment of fault, if any, with any Cross-Defendant;

3. For costs of suit, reasonable attorneys' fees, and interest; and

4. For such other and further relief as this Court deems just and proper.

**DATED** this ___14___ day of November 2022.

**LEE, LANDRUM & INGLE**

By: _____
DAVID S. LEE, ESQ.
Nevada Bar No. 6033
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

Attorneys for
WOLFF PRINCIPAL HOLDINGS, LP dba
FREMONT & 9TH APARTMENTS

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT, WOLFF PRINCIPAL HOLDINGS, LP dba FREMONT & 9th APARTMENTS' ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM** was served on counsel of record this 14 day of November, 2022, using the Court's CM/ECF System.

| | | |
|---|---|---|
| Christian Z. Smith, Esq.<br>**RICHARD HARRIS LAW FIRM**<br>801 South Fourth Street<br>Las Vegas, NV 89101 | (702) 444-4444<br>Fax: (702) 444-4455<br>christian@richardharrislaw.com | *Attorneys for Plaintiff* |
| Jay J. Schuttert, Esq.<br>Alexandria L. Layton, Esq.<br>Paige S. Silva, Esq.<br>**EVANS FEARS & SCHUTTERT LLP**<br>6720 Via Austi Parkway<br>Suite 300<br>Las Vegas, NV 89119 | (702) 805-0290<br>Fax: (702) 805-0291<br>jschuttert@efstriallaw.com<br>alayton@efstriallaw.com<br>psilva@efstriallaw.com | *Attorneys for Defendant,<br>Schindler Elevator<br>Corporation* |

*/s/ [signature]*
An employee of LEE, LANDRUM & INGLE